NEW PARKWAY VISTAS, INC., and RAQUEL SHANOCK, Respondents, v. PAULINE GINSBURG, Appellant.— Appeal by the defendant from an order dated June 28, 1939, adjudging her guilty of and punishing her for willful contempt. Order modified by striking from the fifth ordering paragraph, subdivision (b), the words " which may be necessary to provide for plaintiffs a travelled way, street or highway over which safe and continuous passage may be afforded of," and inserting in lieu thereof the words " and restore said area to the same condition that it was in prior to the date the defendant took possession thereof for." As so modified, the order is affirmed, without costs. The judgment directed only the removal of obstructions placed by the defendant within the confines of Oak Lane as delineated on map No. 4026. In our opinion the fair import of the language struck out placed the burden upon the defendant to make the street safely passable regardless of its prior condition. This relief was broader than the judgment warranted. However, it was the duty of the defendant to obey that part of the mandate of the court that was justified by the judgment. Her failure to do so was a contempt for which the court could punish her. The appeal from order dated October 27, 1939, denying motion to vacate the order adjudging the defendant in contempt is dismissed, without costs. Lazansky, P. J., Hagarty, Johnston, Taylor and Close, JJ., concur.

MARIA NORMAN, Respondent, v. THE LONG ISLAND RAILROAD COMPANY, Appellant.— In an action for damages for personal injuries, defendant appeals from a judgment for plaintiff, entered on a jury verdict, and from an order denying defendant's motion to set aside the verdict and for a new trial. Judgment reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. Appeal from order dismissed, without costs. Plaintiff failed to prove facts sufficient to constitute a cause of action in that she failed to establish negligence on the part of the defendant. Her version of the happening is incredible as a matter of law. Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., concurs as to reversal of the judgment, but dissents as to the dismissal of the complaint and the dismissal of the appeal from the order and votes to reverse the order and grant the motion for a new trial; Close, J., dissents as to the reversal of the judgment, the dismissal of the complaint, and the dismissal of the appeal from the order, and votes to affirm the judgment and order on the ground that a question of fact was presented for determination by the jury.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. LOUIS BRAUNSTEIN, Respondent.— The defendant Braunstein was indicted, charged with the crime of criminal negligence in the operation of a motor vehicle resulting in death, in violation of section 1053-a of the Penal Law. By order of the County Court of Kings County the indictment was dismissed on the ground that the evidence upon which the grand jury acted was insufficient to sustain the indictment. The People appeal. Order of the County Court of Kings County reversed on the law, the motion to dismiss the indictment denied and the indictment reinstated. In our opinion the evidence taken before the grand jury, unexplained and uncontradicted, is sufficient to warrant the conviction of the defendant by the trial jury. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.